**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**KENNETH DE VOS,**

                           **Plaintiff,**

   -against-

**SUN GRAPHICS CORP.,**

                           **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**05-CV-1133 (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On May 30, 2006, this Court issued Findings of Fact and Conclusions of Law in the above case, and concluded that defendant Sun Graphics Corporation owes plaintiff Kenneth De Vos $525,883 for its breach of an employment contract and purchase agreement. The Court permitted the parties until June 9, 2006 to provide supplemental submissions. On May 31, 2006, plaintiff submitted an affidavit and various exhibits in support of his request for attorney's fees and costs. Defendant has made no further submissions.

    **I. Amount of Judgment**

In its previous opinion, the Court noted that defendant "ha[d] not requested that the amount due on the unexpired portion of [plaintiff's Employment] Contract be reduced to present value," and offered defendant a further opportunity to submit evidence in support of such a request. 5/30/06 Finding of Facts and Conclusions of Law ("5/30/06 Opinion") at note 22. Having failed to submit any evidence and/or calculations related to present value, defendant has now waived this argument. See id. Accordingly, the commission award previously calculated by the Court ($511,683) will not be reduced to present value.

In addition to $511,683 in commissions, plaintiff is entitled to pre-judgment interest on

this award at the annual rate of nine percent, pursuant to N.Y. C.P.L.R. §§ 5001 & 5004 (McKinney 1992 & Supp. 2005).[1]  This interest shall be computed from the midpoint date between the first day on which plaintiff was entitled to receive commissions (February 10, 2003)[2] and the date of judgment in the instant case.  See N.Y. C.P.L.R. § 5001(b) ("Where . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred *or upon all of the damages from a single reasonable intermediate date.")* (emphasis added); Esquire Radio & Elec., Inc. v. Montgomery Ward & Co., 804 F.2d 787, 796 (2d Cir. 1986) ("In the case of anticipatory repudiation on payments due over a period of time, [the] language [of N.Y. C.P.L.R. §5001(b)] has been construed to mean a reasonable intermediate date during the period in which payments due would have been made.").

**II. Attorney's Fees**

In its previous opinion, the Court held that plaintiff was entitled to reasonable attorney's fees pursuant to the indemnification clause set forth in his employment contract with defendant. See 5/30/06 Opinion at 21; see also McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993) ("[P]arties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state

---

[1] The Court previously ordered that interest on the $14,200 balance on the Moll Gluing Machine would be calculated from "December 31, 2004 -- the date by which the final balance of the sale was to have been paid to plaintiff."  5/30/06 Opinion at 20.  However, the Court did not set forth the interest that would accrue on plaintiff's commission award, as it was awaiting submissions from defendant concerning the possible reduction of this award to present value.

[2] Pursuant to the parties' Employment Agreement, which provided for a five-year term of employment commencing on January 1, 2003, defendant was required, within ten days of the end of each month, to provide plaintiff with a statement of commissions earned by him, along with payments of those commissions.  See Employment Agreement (PX 1) at ¶ 4c.

2

law."). The Court noted, however, that it could not award fees in the absence of documentary proof setting forth the hours counsel expended on the case and the rates charged for these services. See 5/30/06 Opinion at 21. Plaintiff subsequently provided the Court with multiple retainer agreements, along with the contemporaneous time-sheets of three attorneys and one paralegal. See Exhibit C to Affidavit [of Lloyd De Vos], dated 5/31/06.

Under the lodestar method for calculating fees, this Court must make its own assessment of the reasonableness of the time spent on this case, see F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987), and of the reasonableness of the hourly rates, based on the prevailing rates in the community for "similar services by attorneys of reasonably comparable skill, experience and reputation." Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) (internal quotation marks omitted). Having reviewed plaintiff's time-sheets, as well as counsels' hourly rates, the Court finds plaintiff's fee request to be reasonable.

Overall, counsels' time entries clearly set forth the tasks performed by each staff member and the rates charged for these services. Counsels' fees have been duly reduced where double-billing would otherwise result from the work of more than one attorney on the same task. See Affidavit at ¶ 10. The Court notes, however, that several of counsels' entries appear in "block" form and contain descriptions of more than one task.[3] Ordinarily, entries of this nature are disfavored because they complicate a court's review of the reasonableness of time spent on any one particular task. See Skold v. Am. Int'l Group, Inc., No. 96 Civ. 7137 HB, 1999 WL 672546,

---

[3] For example, one entry reads: "Draft proposed consent final judgment; Telephone conference with Ken regarding figures for numbers to be inserted into judgment; Analysis of number[s] from Ken and recalculation." See Affidavit (Exhibit C).

at *2 (S.D.N.Y. Aug. 25, 1999) (reducing fees by ten percent where attorneys submitted several time entries consisting of multiple tasks, as court was unable to assess the reasonableness of the time spent on each task); Gilmore v. Bergin, No. CIV.3:95CV01838(DFM), 1998 WL 1632526, at *9 (D. Conn. Sept. 22, 1998) (reducing fees by 15 percent where the entries were vague and several entries contained multiple tasks); Wilder v. Bernstein, 975 F.Supp. 276, 286 (S.D.N.Y. 1997) (attorneys should not "lump several services or tasks into one time sheet entry because it is then difficult . . . for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided . . . . It is the responsibility of the [fee] applicant to make separate time entries for each activity.") (internal quotations and citation omitted). Nevertheless, in this case, no reduction of fees is warranted: as the total time reported for all of the tasks described in counsels' block entries is both minimal and reasonable, the Court concludes that the time spent on any one of these tasks would likewise be reasonable. See Irish v. City of New York, 2004 WL 444544, at *7-8 (S.D.N.Y. Mar. 10, 2004) (declining to reduce fees where, despite the use of block billing, the court was able to determine whether the time spent on the tasks performed was reasonable).

Counsels' hourly rates are similarly reasonable. Lead counsel, Lloyd De Vos, is an experienced litigator who has practiced law for 33 years. See Affidavit at ¶ 6. His hourly rate, which ranged from $400 to $425 per hour during his representation of plaintiff, is consistent with his broad experience. Although Mr. De Vos' rate falls near the higher end of the reasonable range for small firms, see, e.g., N.Y. State Nat'l Org. for Women v. Pataki, No. 93 Civ. 7146(RLC), 2003 WL 2006608, at *2 (S.D.N.Y. Apr. 30, 2003) (finding, in a civil rights action, that "fees . . . [of] $430.00 and $400.00 per hour respectively, are on the high end but still within

4

a reasonable range" for a small firm) (citing cases); Gonzalez v. Bratton, 147 F.Supp.2d 180, 212 (S.D.N.Y. 2001) (finding that rates of $250 to $390 "fall within the range of reason, although they are at the high end of the scale for a small firm"), it is not a cause for concern here, because his regular rate has been discounted to reflect counsel's familial relationship with plaintiff and, moreover, is not opposed by defendant.[4] The rates of associates Eric Underriner and Sherry Ellenzweig, which range from $200 to $250 per hour, as well as that of paralegal Kenneth McGinis ($75 per hour),[5] are similarly consistent with the prevailing rates in the community for attorneys and staff of like experience and skill. See Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987) (holding that a judge may "rely in part on [his] own knowledge of private firm hourly rates in the community").

Having found that counsels' rates and the number of hours expended on this litigation are both reasonable, this Court awards plaintiff $13,160.87 in fees and $250 for the filing fee.

## CONCLUSION

For the foregoing reasons, this Court concludes that plaintiff is owed $511,683 in commissions, with pre-judgment interest at nine percent per annum, calculated as specified on page 2 of this opinion; plus $14,200 for the remaining balance on the Moll Gluing Machine, with pre-judgment interest at nine percent per annum, calculated as specified in footnote 1 of this

---

[4] Specifically, all fees incurred by plaintiff after September 2005, when attorney De Vos left Hills, Betts & Nash to begin his own firm, were reduced by 35% as a courtesy to plaintiff. See Affidavit at ¶ 10.

[5] Counsel states in his affidavit that the initials "KM" refer to the work of paralegal Kathleen Eder. See Affidavit at ¶ 9. However, the time-sheets in evidence indicate that "KM" stands for Kenneth McGinis. See id. Because the work of Mr. McGinis is billed at a rate of $75 per hour, the Court will, for purposes of this opinion, assume that counsel's error lies only in the name of the paralegal, not in the hours expended or the hourly rate charged.

opinion; and $13,410.87 in fees and costs.  The Clerk of the Court is ordered to enter judgment in accordance with this decision.

        **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **June 16, 2006**

                                        /s/
                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**